## NEW YORK SUPERIOR COURT.

### ADAM PILGER agt. LOUIS GOU.

Where the plaintiff's *attorney* gets the consent of the defendant to discontinue the action, without the knowledge of the *defendant's attorney*, but enters no order, nor gives any notice of discontinuance, the plaintiff must pay all subsequent *costs* made by the defendant's attorney in noticing the cause, taking default, &c.

*New York Special Term, February*, 1861.

THIS action was brought to recover the sum of $1,000 for an alleged slander. The plaintiff in his complaint charges the defendant with having, on the 12th July, 1859, uttered in the presence and hearing of a great number of persons, " that plaintiff poisoned his wife; he administered to her poison, or some drug, for the purpose of having her conducted to a lunatic asylum;" " that he has bribed some physicians, and paid them ten dollars, to assist him to accomplish his design," meaning thereby that plaintiff had bribed a physician to give a certificate of the insanity of his said wife, so that she should be conveyed to a lunatic asylum; and further, that he, plaintiff, has so done to enable said plaintiff to cohabit and live with another female. The defendant, by his answer, specifically denied all the allegations of the complaint. On the 11th instant, the cause being reached, the plaintiff not appearing, the defendant moved the court to dismiss the action with costs, which motion was thereupon granted. The plaintiff's attorney, upon his own affidavit, now moves to discontinue this action, and produces a consent purporting to be signed by the defendant and plaintiff's attorney on the 24th March, 1860. The motion was opposed by

A. H. REAVEY, *defendant's counsel.*
RANKEN & REAVEY, *defendant's attorneys.*

ROBERTSON, Justice. The plaintiff's attorney seems to have obtained the defendant's consent to discontinue with-

out the knowledge of the attorney, and allowed the latter
to go on noticing the cause and taking the default of the
plaintiff without applying to the court to enter an order of
discontinuance. Although the default is excused, the attor-
ney is entitled to the costs he has been put to by the plain-
tiff's neglect. The default may, therefore, be opened, and
an order for discontinuance entered, upon the plaintiff's
paying the cost of the term, being ten dollars, with any dis-
bursements by the defendant's attorneys, and the costs of
opposing the motion, fixed at ten dollars.

---

## SUPREME COURT.

GUSTAV LINDENMULLER, plaintiff in error agt. THE PEOPLE,
defendants in error.

The *Christian religion* has always been engrafted upon our laws and entitled to
protection as the basis of our morals and the strength of our government.
Therefore, every act done maliciously, tending to bring religion into contempt, may
be punished at common law, and the *Christian Sabbath*, as one of the institu-
tions of that religion, may be protected from desecration by such laws as the legis-
lature may deem necessary to secure to the community the privilege of undisturbed
worship, and to the day itself that outward respect and observance which may be
deemed essential to the peace and good order of society.
The statute (April, 1860,) prohibiting certain exhibitions and plays on *Sunday, is
not unconstitutional,* because, the legislature are the sole judges of the acts
proper to be prohibited with a view to the public peace, and as obstructing reli-
gious worship, and bringing into contempt the religious institutions of the people.
Besides, the establishment and regulation of the Sabbath as a *civil and political*
institution is within the just powers of the civil government; the right of the legis-
lature, therefore, to control and regulate it, and its observance, not affecting to
interfere with religious belief or worship, faith or practice, is a necessary sequence.
The *legislature* having declared substantially that *Sunday theatres* are a *nuisance,*
and come within the description of acts and practices which are not protected by
the constitution, the court could not, if it would, review their discretion and sit in
judgment upon the expediency of their acts. (*This agrees with People* agt.
*Hoym,* 20 *How.;* 76, *N. Y. Superior Court,* HOFFMAN, *Justice.*)

*New York General Term, May,* 1861.
*Present,* CLERKE, SUTHERLAND and ALLEN, *Justices.*